**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**


**CHARLES DERRICK KELLER,**
              **Petitioner,**


**v.**                                                          **Civil Action No. 3:18-CV-188
                                                          (GROH)**


**JENNIFER SAAD, Warden,**
                   **Respondent.**


**REPORT AND RECOMMENDATION**

**I.        INTRODUCTION**

On November 19, 2018, the *pro se* petitioner filed a Petition pursuant to 28 U.S.C.

§ 2241 for Writ of Habeas Corpus.  ECF No. 1.  At the time this matter was filed, Petitioner

was a federal inmate housed at FCI Gilmer in Glenville, West Virginia.  Petitioner sought

relief from this Court alleging that he was denied his right to due process of law because

the Bureau of Prisons ("BOP") did not "conduct his pre-release review on an individual

basis" according to the five-factor analysis mandated by 18 U.S.C. § 3621(b).

This matter is pending before the undersigned for an initial review and Report and

Recommendation pursuant to 28 U.S.C. § 636 and Local Rule of Prisoner Litigation Part

2.

## II.   PROCEDURAL HISTORY

### A.      Petitioners' Conviction and Sentence[1]

On October 27, 2006, in the Southern District of Illinois, Petitioner was convicted upon his plea of Count 1 of the indictment which charged him with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922.  ECF Nos. 1, 27, 28.  On January 26, 2007, Petitioner was sentenced to an aggregate sentence of 180 months of incarceration.  ECF Nos. 33, 36 at 2.  An amended judgment was filed on April 3, 2007, which did not change the period of Petitioner's incarceration.  ECF No. 38 at 2.

### B.      Petitioner's Direct Appeal

Petitioner did not file a direct appeal.

## III.  LEGAL STANDARD

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and this Court's local rules, the undersigned is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

---

[1] The facts are taken from Petitioner's criminal case, docket number 4:06-CR-40014 in the Southern District of Illinois, available on PACER.  Unless otherwise noted, the ECF entries in sections II.A. and II.B. refer to that criminal case.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

## IV.  ANALYSIS

The Petitioner, federal inmate number 06822-025, filed a habeas corpus claim pursuant to 28 U.S.C. § 2241.  Pursuant to 28 U.S.C. § 2241(c)(1), "The writ of habeas corpus shall not extend to a prisoner unless—(1) He is in custody under or by color of the authority of the United States or is committed for trial before some court thereof." According to the Bureau of Prisons' Inmate Locator service, Petitioner was released from custody on June 13, 2019.  https://www.bop.gov/inmateloc/.

This Court lacks jurisdiction because Petitioner is no longer in custody of the United States.  In Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 - 95 (1998), the Supreme Court wrote that "without jurisdiction the court cannot proceed at all in any cause.  Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."  See also Reinbold v. Evers, 187 F.3d 348, 359 n. 10 (4th Cir. 1999).  Because this court lacks jurisdiction, this court cannot entertain the petition.

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that the Petitioner's petition for habeas corpus filed pursuant to 28 U.S.C. § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

Because the Petitioner's address on the docket is still listed as Pekin FCI, the Clerk of the Court is DIRECTED to retain a copy of this Report and Recommendation for Petitioner, in the event that he provides a mailing address at some future date. The Clerk is further directed to provide a copy of this Report and Recommendation to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:     July 8, 2019


/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

4